IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JACK CASEY SISEMORE                                              PETITIONER


VS.                        CASE NO. 2:09CV00114 SWW/HDY


T.C. OUTLAW, WARDEN,
FCI FORREST CITY, ARKANSAS                                       RESPONDENT


PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS


The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

   1. Why the record made before the Magistrate Judge is inadequate.

   2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

   3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

**DISPOSITION**

Jack Casey Sisemore, in custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He challenges the manner in which his sentence is being executed, alleging that the sentence is being executed in a manner which is "contrary and antipodal" to the intent of the sentencing court. Petition, page 4.

In his petition he was arrested in January of 2006 and charged with manufacturing and passing counterfeit United States currency. The case number was 3:05-00233. He was released on bond. About seven months later, Mr. Sisemore was arrested and charged with conspiracy to possess with intent to distribute a quantity of heroin. This case number was 3:06-00144. When arrested the

second time, the bond was revoked and Sisemore was placed in custody at a county jail.

On August 25, 2006, Sisemore was sentenced to 18 months in the counterfeiting case, no. 3:05-00233, and he was returned to the county jail where he remained for the next 24 months. On August 11, 2008, he was sentenced in the heroin case, no. 3:06-00144, to 57 months. The trial judge[1] ordered the 57 month sentence to run concurrently with the earlier 18 month sentence for counterfeiting.

Mr. Sisemore entered the Bureau of Prisons on September 8, 2008. His computation sheet shows the 18 month sentence as commencing on August 25, 2006, and the 57 month sentence as commencing on August 11, 2008. Therefore, even though the trial judge ordered the sentences to run concurrently, the first sentence of eighteen months had already been completed prior to the commencement of the latter term of imprisonment, if the Bureau of Prisons computations are accepted. (Mr. Sisemore received credit for the time served – 249 days – after he completed his eighteen month sentence and prior to being sentenced to fifty-seven months on the heroin charge).

The petitioner fully exhausted his administrative remedies. The Warden's response to petitioner's administrative grievance is helpful:

> This is in response to your Request for Administrative Remedy received November 14, 2008, in which you express concerns with your *Sentence Monitoring Computation Data*. Specifically, you state your *Prior Credit Time* for Docket Number 3:06-00144-20 is calculated incorrectly, as this sentence is to run concurrent with Docket Number 3:05-00233-01.
>
> For offenses committed on or after November 1, 1987, commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b). An underlying principle of § 3585(a), is the earliest date a federal sentence can commence is the date it is imposed. Title 18 U.S.C. 3585(b)(2),

---

[1]The petitioner was sentenced in the United States District Court, Middle District of Tennessee, Nashville Division.

>states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence.</u>"
>
>A review of your *Judgment in a Criminal Case* indicates you were sentenced on August 25, 2006, on Docket Number 3:05-00233-01, to Count One: eighteen months, concurrent with Count Two and Count Two: eighteen months, concurrent with Count One. This term was satisfied on December 5, 2007, while you were in the custody of the United States Marshal Service, awaiting sentencing on Docket Number 3:06-00144-20. You were sentenced on August 11, 2008, on Docket Number 3:06-00144-20, to a term of 57 months, to run concurrent to case number 3:05-00233-01. Accordingly, on your *Sentence Monitoring Computation Data*, you received 249 days *Prior Credit Time*, From December 6, 2007, to August 10, 2008, (the day after your satisfaction date on Docket Number 3:05-00233-01 and the day preceding your sentencing date on Docket Number 3:06-00144-20).
>
>Based on the above information, your request for relief is denied.

Docket entry no. 5-2, page 32.

Mr. Sisemore argues that the time he was incarcerated prior to August 20, 2008, should not have applied to either of his sentences because he was awaiting transportation to his official detention facility. He reasons that after his arrival at a federal facility in August of 2008 the time spent in the county jail would then be credited toward both sentences as "jail time credit." Mr. Sisemore cites 18 U.S.C. § 3585(a) as authority for his position. Mr. Sisemore misreads the statute, which provides that "a sentence . . . commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Thus, Mr. Sisemore, by the plain language of the statute, commenced his initial sentence (in case no. 3:05-00233-01) at the county jail while he was awaiting transportation to the official facility where he would serve the sentence. While the sentencing judge may have erred in ordering the fifty-seven month sentence to run concurrently with a sentence which was already completed, the judge's

language did not override the statutory provisions regarding the commencement of the sentences. Similarly, even if the United States Attorney took no position on whether the sentences should be concurrent or consecutive, as alleged by the petitioner, this does not change the statute. Under the provisions of 18 U.S.C. § 3585(a), the Bureau of Prisons did not err in determining that the initial sentence commenced on August 25, 2006 and was completed on December 5, 2007, more than nine months before the latter sentence began on August 11, 2008. There is no error in finding that the latter term could not run concurrently with a term which was satisfied.

In summary, Mr. Sisemore has not shown any constitutional violation in the manner in which the prison officials have calculated his sentence, nor has he shown that other rules or statutes should have governed the decision. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this ___25___ day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE